**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|       ) | |
|       **Plaintiff,**      ) | |
|       ) | |
|       **v.**      ) | **Case No. 3:20-cr-0049** |
|       ) | |
| **JORGE ROMERO-AMARO, GIOVANNI**      ) | |
| **GRACIANI, HECTOR RIVERA CONCEPCION,**      ) | |
| **RUBEN REYES, and PEDRO LUIS SAYAN**      ) | |
| **VILLANEUVA,**      ) | |
|       ) | |
|       **Defendants.**      ) | |
|       ) | |

## ORDER

**BEFORE THE COURT** is the trial in this matter currently scheduled for August 16, 2021. For the reasons stated herein, the time to try this case is extended up to and including March 28, 2021.

The Government filed a two-count information against Jorge Romero-Amaro ("Romero-Amaro"), Giovanni Graciani ("Graciani"), Hector Rivera Concepcion ("Rivera Concepcion"), Ruben Reyes ("Reyes"), and Pedro Luis Sayan Villaneuva ("Sayan Villaneuva") on December 18, 2020. (ECF No. 56.) Defendants Romero-Amaro, Graciani, and Reyes were arraigned on the charges on January 13, 2021. Defendants Rivera Concepcion and Sayan Villaneuva were arraigned on January 21, 2021, at which time the magistrate judge scheduled the jury trial for March 8, 2021. On February 11, 2021, the Court continued the trial to August 16, 2021, under the Speedy Trial Act (the "Act"), finding that it was in the interests of justice to extend the time in which the Defendants must be tried. (ECF No. 94.) Thereafter, on March 18, 2021, a federal grand jury returned a six-count indictment charging Defendants with various drug-trafficking offenses. (ECF No. 118.) Defendants were arraigned on the charges on March 31, 2021.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, a court may extend this period if it finds that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the

defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994).[1]

In response to the COVID-19 pandemic, the Chief Judge of the District Court of the Virgin Islands entered a general order concerning operations of the Court on March 17, 2020. The Chief Judge has thus far extended the order fifteen times, finding that the ends of justice require excluding March 18, 2020, through August 31, 2021, from the Speedy Trial count in all criminal matters.

To date, the COVID-19 virus has claimed more than 620,000 lives in the United States (41 of which have been in the U.S. Virgin Islands). COVID-19 continues to present an unpredictable threat to public health and safety, as shown in the recent surge in COVID-19 cases both in the continental United States and the Virgin Islands. As a multi-defendant case, this case presents significant challenges for the Court to comply with social distancing guidelines during the jury trial. Practical considerations would require additional spacing for Defendants, counsel, and jurors—and the potential for additional jurors in the courtroom.

As such, the Court finds that extending the period within which Defendants may be tried under the Speedy Trial Act is necessary and in the interests of justice for the protection and well-being of the Defendants, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through March 28, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than March 21, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list

---

[1] Additionally, the Act excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. . . ." 18 U.S.C. § 3161(h)(1). Here, two motions to suppress, ECF Nos. 90 and 91, a motion *in limine*, ECF No. 101, are pending in the case.

of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than March 23, 2022;[2] and it is further

**ORDERED** that the jury selection and trial in this matter **SHALL** commence promptly at 9:00 a.m. on March 28, 2022, in St. Thomas Courtroom 1.

**Dated:** August 13, 2021                   */s/ Robert A. Molloy*
                                             **ROBERT A. MOLLOY**
                                             **Chief Judge**

---

[2] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.