**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0049 |
| ) | |
| **JORGE ROMERO-AMARO, GIOVANNI** ) | |
| **GRACIANI, HECTOR RIVERA CONCEPCION,** ) | |
| **RUBEN REYES, and PEDRO LUIS SAYAN** ) | |
| **VILLANUEVA,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the jury trial in this matter, scheduled for March 28, 2022. (ECF No. 157.) For the reasons stated herein, the time to try this case is extended up to and including May 16, 2022.

On February 11, 2022, the Court held an evidentiary hearing on Defendant Jorge Romero-Amaro's ("Romero-Amaro") Motion to Suppress Evidence, ECF No. 90. Defendants Giovanni Graciani, Hector Rivera Concepcion, and Pedro Luis Sayan Villanueva participated in the evidentiary hearing, after which the Court took the matter under advisement.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including . . . (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." 18 U.S.C. § 3161(h)(1)(D). The Court finds that the ends of justice served by extending the period in which the trial must begin outweighs the best interest of the public and the defendant in a speedy trial. Here, an extension of time is necessary to allow the Court time to consider and rule on the pending motion to suppress and the other two pre-trial motions pending disposition by the Court: Defendant Ruben Reyes' Motion to Compel, ECF No. 87, and Romero-Amaro's Motion in Limine, ECF No. 101.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994). *See, e.g.*, *United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through May 16, 2022, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the jury selection and trial in this matter previously scheduled for March 28, 2022, are **RESCHEDULED** to commence promptly at 9:00 A.M. on May 16, 2022, in St. Thomas Courtroom 1 before Chief Judge Robert A. Molloy; and it is further

**ORDERED** that the pretrial filing deadlines are **VACATED**. An amended trial management order will be filed separately.

**Dated:** March 14, 2022           /s/*Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**