**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0049 |
| ) | |
| **JORGE ROMERO-AMARO, GIOVANNI** ) | |
| **GRACIANI, HECTOR RIVERA CONCEPCION,** ) | |
| **RUBEN REYES, and PEDRO LUIS SAYAN** ) | |
| **VILLANUEVA,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

**BEFORE THE COURT** is the United States' motion for continuance of the Jury Selection and Trial currently scheduled for May 16, 2022. For the reasons stated herein, the Court will grant the motion.

This matter commenced on November 20, 2020, when the United States (the "Government") filed a criminal complaint against Jorge Romero-Amaro ("Romero-Amaro"), Giovanni Graciani ("Graciani"), Hector Rivera Concepcion ("Rivera Concepcion"), Ruben Reyes ("Reyes"), and Pedro Luis Sayan Villanueva ("Sayan Villanueva") (collectively the "Defendants"). A federal grand jury returned an indictment against the Defendants on March 18, 2021, charging Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841; Possession with Intent to Distribute Five (5) Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841, 2; Conspiracy to Possess with Intent to Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b); Possession with Intent to Distribute a Controlled Substance on Board a Vessel Subject to the Jurisdiction of the United States, Aiding and Abetting, in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2; Failure to Heave to, in violation of 18 U.S.C. § 2237(a)(1); and Attempt to Destroy Property Subject to Forfeiture Under Section 511(A) of the Comprehensive Drug Abuse Prevention Act of 1970, in violation of 21 U.S.C. § 881(A) and 46 U.S.C. §§ 70503(a)(2) and 70506(d).

Defendants Romero-Amaro, Graciani, and Reyes were arraigned on January 13, 2021, and Rivera Concepcion and Sayan Villanueva were arraigned on January 21, 2021.

On April 22, 2022, the United States (the "Government") filed an Unopposed Motion to Continue Trial, ECF No. 175, arguing that counsel for the Government has been ordered to active duty for a six month period, necessitating the reassignment of this matter to a different Assistant United States Attorney ("AUSA"). The Government argues that the newly assigned AUSA will need "a reasonable amount of time to prepare effectively for trial." *Id.* at 1. The Government does not request a specific amount of time for its preparation nor does the Government indicate when counsel was ordered to active duty. The Defendants, however, do not object to the Government's motion to continue the trial date.

While the Speedy Trial Act (the "Act") requires that defendants be tried within seventy days of indictment, the Act specifically excludes:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(1)(A). Among the factors the Court must consider in determining whether to grant a continuance under subsection (A), is "[w]hether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see United States v. Graves*, 722 F.3d 544 (3d Cir. 2013) ("The Act excludes periods of delay 'resulting from a continuance granted by a judge,' as long

as the judge has found 'that the ends of justice' served by the continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'").

The Court finds that the ends of justice served by extending the period in which the trial must begin in this matter outweighs the best interest of the public and the Defendants in a speedy trial. Here, an extension of time is necessary to allow the Government sufficient time to prepare for trial.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through November 7, 2022, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the Government's Unopposed Motion to Continue Trial, ECF No. 175, is hereby **GRANTED**; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than October 28, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than November 2, 2022;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter previously scheduled for May 16, 2022, are **RESCHEDULED** to commence promptly at 9:00 A.M. on November 7, 2022, in St. Thomas Courtroom 1.

**Dated:** April 28, 2022              /s/ *Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **District Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.